The opinion of the court was delivered by
Watkins, J.
The relatrix as plaintiff and appellant in a suit depending in the respondents’ court, and which is entitled Mrs. Caroline Lacaze vs. Mrs. Kate Priestly, seeks by mandamus to compel the respondents to take jurisdiction and decide said case.
*1088 That suit involves a servitude of drain, and the defendant, as the owner in possession of the premises adjoining that of the plaintiff, was enjoined by the latter from unlawfully interfering therewith. Her petition alleges that defendant’s acts in the premises “would destroy her servitude and cause her irreparable injury, * * *
which, although it can not be estimated in money, is of a value considerably over $1000.”
The defendant’s answer employs a similar phrase in referring to the value of the right which she claims to be entitled to exercise, viz: “and which right is of the value of more than $1000.”
The cause was argued and submitted by counsel on both sides, and the same was taken under advisement by respondents. Subsequently, they rendered the following decision, viz: “Upon the showing made by the parties, this court can entertain jurisdiction of the appeal only to dismiss it, ex proprio motu, at appellant’s cost.”
There is nothing on the record to show on what ground the respondents declined to take jurisdiction of said cause; but we find an affidavit of a person familiar with the locus in quo, to the effect “that the right involved in this suit is worth, to the plaintiff, more than $500, and less than $2000.” And counsel state that it was filed* lor the consideration of the court in connection with the motion for rehearing.
As it appears that the respondents refused to grant a rehearing, ■we presume they declined to consider the affidavit, and, entertaining the opinion that the pleadings did not clearly show that the matter in dispute was not in value less than $2000, dismissed the appeal.
The only answer made by respondents is a reference to the record as quoted above.
With due respect to the opinion of our learned brothersof the Circuit Court, we think they erred. The language quoted from the pleadings being taken as our guide, it clearly appears that the matter in dispute exceeds one thousaiid dollars in value. Does it appear, therefore, that it exceeds two thousand dollars? It does not. The constitutional amendment confers jurisdiction on this count, “ when the matter in dispute, or fund to be distributed, shall exceed.$2000, •exclusive of interest.” Art. 81, amendment of 1882.
This court has no jurisdiction of such a case, and if this one were brought here on appeal, we could not entertain jurisdiction of it. (Courts of Appeal have conferred upon them by constitutional amend *1089 ment jurisdiction of all causes wherein the matter in dispute, or the fund to be distributed, shall exced $100, exclusive of interest, and shall not exceed $2000, exclusive of interest. Art. 95, and amendment of 1882.
The phrase “more than $10Q0” does not express, or necessarily imply, “more than $2000.” The amount involved is more than $1000, and it is not alleged to be more than $2000. As the respondents’ court has jurisdiction of suits involving more than $1000, and the amount involved in this suit in question is alleged to be more than $1000, and there is no averment that it is more than $2000, whereby this court would have jurisdiction, the respondents’ court must have jurisdiction of it, ex necessitate rei.
As $1000 in value invests the Court of Appeals with jurisdiction, and an amount in excess of $2000 divests it, how can it be said under the' pleadings in the case of Lacaze vs. Priestly that respondents’ court is divested of jurisdiction? It can not. To so hold, would be to decide that there is a hiatus in appellate jurisdiction. The mandamus must be made peremptory. •
It is therefore ordered and decreed the provisional mandamus be made peremptory at respondents’ cost.